OPINION OF THE COURT
Jones, J.
Where the court, the prosecutor, the defense attorney and counsel for the witness have chosen to depart from the normal question-by-question conferral of transactional immunity on a prosecution witness as contemplated by CPL 50.20 and 50.30, and have charted their own course, agreeing that the witness shall receive immunity for all testimony given by him subject only to rulings by the court on objections by the prosecutor, whether the witness received transactional immunity must be determined by reference to the procedure which the principals chose to follow. In such a case, in the absence of timely objection by the prosecutor to the question, if the testimony given in answer is responsive to the question asked, the witness receives immunity for the transaction to which he testified.
Petitioner, Daniel Brockway, was indicted by a Che-mung County Grand Jury on January 9, 1981 for criminal sale of a controlled substance in the third degree and conspiracy in the second degree. The indictment alleged that Brockway had sold cocaine to one Camille Comfort on November 1, 1980. Subsequently, Brockway was subpoenaed by the Steuben County District Attorney’s office to testify for the prosecution’s case against Joseph and Larry *182 Comfort,[1] who were standing trial in Steuben County Court on charges of murder and attempted murder of State Police officers investigating cocaine sales in Steuben County.
On January 20, 1982, Brockway appeared with counsel at the Steuben County trial. Before he was called to the witness stand, his attorney informed the prosecutor that Brockway, on being called to testify, would invoke his Fifth Amendment privilege and refuse to answer any questions on the ground that the answers might tend to incriminate him. In a chambers conference, the Steuben County Judge was advised of Brockway’s position, and the prosecutor asked the court to confer immunity on him pursuant to CPL 50.20. The prosecuting attorney indicated that it would not be necessary to proceed by way of a question-by-question grant of immunity on direct examination and that such a procedure would also not be necessary on cross-examination so long as the questions concerned the transactions in issue. The prosecutor agreed to be guided by the court’s direction as to the scope of answers to questions on collateral matters but took the position that he would recommend against immunity on collateral issues, so as to leave it up to the witness and his attorney to decide whether to invoke his Fifth Amendment rights regarding such questions.
Brockway’s attorney informed the court that to the extent that the prosecutor was suggesting something less than full transactional immunity he would counsel his client not to answer any questions. He contended that the court only had authority to grant full transactional immunity subject to any evidentiary rulings. The prosecutor sought to clarify the situation by stating that he was willing to grant full transactional immunity with respect to the answers to questions asked and that the only limitations would be as to improper questions. The court then indicated that any immunity granted would be full transactional immunity and that the witness would be clothed with immunity as to anything to which he testified. As to collateral matters, the court informed the attorneys that it *183 would determine whether answers to the questions would be allowed and that if in its discretion the court directed the witness to answer and allowed the question even if it were collateral then immunity would attach. The court noted that the prosecutor would have the opportunity to object to collateral or immaterial matters and that rulings would be made as they went along.
The prosecutor then asked whether the court had been notified by defense counsel of the collateral acts on which the witness would be questioned, and the court responded that it had not been so advised. The court instructed Brockway’s attorney to counsel his client that if there were an objection to a collateral matter the witness was not to answer until the court had an opportunity to rule on the objection. If the witness were to answer in violation of this direction, the court indicated that it would strike the answer so that it could never be used against him. Brockway’s counsel stated that he would so advise his client and that he had already informed him that all answers must be responsive to the questions.
The prosecutor then advised the court that he thought an on-the-record refusal to answer questions was required. The court responded that he had not gotten to that point yet and that the witness should be called to the stand. After being sworn in as a witness and answering several preliminary questions, Brockway asserted his Fifth Amendment right not to answer a question as to whether he knew Larry Comfort, one of the defendants in the Steuben County trial. The court then conferred transactional immunity on the witness in accordance with the prior discussion and ordered him to answer.
After direct examination by the prosecutor, the witness was cross-examined by defense counsel. During this cross-examination, the following testimony was elicited:
“Q. And did you subsequently undertake to sell that cocaine?
“A. Yes, I guess.
“Q. Did you or didn’t you?
“A. I don’t really remember. Yes.
*184 “Q. You did?
“A. Yes.
“Q. To whom?
“A. I don’t know.
“Q. You don’t know?
“A. I’m sorry. I didn’t sell this cocaine. I sold cocaine earlier.
“Q. To whom?
“A. Camille Comfort.
“Q. When was that?
“A. Around the first of November”.
At this point, the prosecutor broke in and asked to approach the Bench. He contended that the witness’ response — that he had sold cocaine earlier — to the question whether he sold this particular cocaine was volunteered and nonresponsive. The court agreed that it was nonresponsive and directed the jury to disregard the witness’ answer as well as the questions and answers that followed. Defense counsel’s exception to the court’s ruling was noted.
By notice of motion dated March 15, 1982, Brock way moved to dismiss his Chemung County indictment for criminal sale of a controlled substance in the third degree and conspiracy in the second degree. He asserted that he had received transactional immunity by testifying at the Steuben County trial about the November 1 sale of cocaine to Camille Comfort which was the subject of the Chemung County indictment. The motion was denied by Chemung County Court in a decision dated April 27,1982. The court found that the immunity given was limited to the transaction in Steuben County and that petitioner’s answer to the question was not responsive but was volunteered so that it could not form the basis for transactional immunity.
Brockway then commenced this article 78 proceeding in the Appellate Division, Third Department, by an order to show cause signed on June 2,1982. He sought a judgment directing the Chemung County Judge to dismiss the indictment on the ground that he had obtained immunity on the charges and restraining the Judge from proceeding to trial of the indictment until further direction from the Appellate Division.
*185 By order entered August 9,1982, the Appellate Division granted the petition and ordered the indictment dismissed. The court found that Brockway’s statements were reasonably responsive to the questions asked and that a review of the record failed to disclose that the responses were made in bad faith or could not have been anticipated. According to the court, the Steuben County Judge had ruled that if questioning were allowed and Brockway answered in a responsive fashion he would be clothed with immunity, and this is exactly what had happened here.
Justice Levine, in a dissenting opinion, contended that, even assuming that Brockway’s answer was responsive to the question, the Steuben County Judge in striking the testimony had ruled not only that it was unresponsive but that it related to a matter totally collateral to the issues on trial. The dissenter viewed the prosecutor’s request for immunity as only covering relevant and material questions and not extending to collateral acts which had no relevance to the Steuben County trial or indictment. He noted that there had been a failure to follow the multistep procedure outlined in CPL 50.20 and 50.30 for granting transactional immunity — i.e., the witness expressly refuses to answer a specific question based on the privilege against self incrimination, the District Attorney requests the court to confer immunity, and the court then orders the witness to answer the question after advising him that he will receive immunity on doing so. The dissenting Justice observed that this procedure had been set forth in the statute to avoid inadvertent, overly broad “immunity baths” which might have resulted under the automatic immunity provisions of prior law. He took the position that the prosecutor in this instance had not waived this multistep procedure but rather had insisted on proceeding on a question-by-question basis. According to the dissent, the questions posed by defense counsel could have been answered by testimony relevant and material to the issues in the trial so that the prosecuting attorney could not have known in advance that the witness would respond by testifying to an unrelated matter. The dissenter concluded that the prosecutor had promptly moved to strike the testimony when the witness testified about an unrelated *186 transaction. Rather than affording Brockway transactional immunity as to his testimony, the dissenting Justice would have given him use and derivative use immunity only.
The dissenter reasoned that in addition to the multistep procedure set out in CPL 50.20 and 50.30, other statutory and case law limitations had been adopted to prevent overly broad and unnecessary conferrals of immunity. He pointed to CPL 190.40 (subd 2, par [b]) which provides that immunity will not be granted when a witness’ answer is volunteered and unresponsive and to case law that immunity will not extend to testimony which has a wholly insubstantial relation to the crime charged. The dissenting Justice saw even more compelling reasons to exclude immunity for answers to cross-examination on collateral matters. He noted that any prosecution witness is subject to cross-examination as to any immoral, vicious or criminal acts which may affect his character and show him to be unworthy of belief. He concluded that to extend transactional immunity to testimony on such collateral matters would create a risk of immunity baths far beyond the control of the prosecutor and far greater than those which the procedure of CPL 50.20 and its predecessors sought to avoid. He believed that the danger of this uncontrollable abuse of immunity would be so great as effectively to eliminate the use of immunity to prosecute crime.
We now affirm the judgment of the Appellate Division from which respondents have appealed.
The Legislature by enacting CPL 50.20 and 50.30[2] has created a multistep procedural scheme by which a court at *187 the express request of the prosecutor in any criminal proceeding other than a Grand Jury proceeding may confer transactional immunity on a witness. Under these provisions, immunity is granted in the following fashion: the witness invokes his right not to give evidence on the ground that it may incriminate him; the prosecutor requests the court to grant immunity to the witness; the court orders the witness to give the requested evidence notwithstanding his assertion of his privilege against self incrimination and advises him that he will receive immunity on doing so; and the witness complies with the order by giving the requested evidence (see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 50.20, p 316). This procedure contemplates that the witness will be given immunity on a question-by-question basis under which the witness claims his privilege not to answer a specific question, the prosecutor seeks immunity as to the answer to that question, and the court orders the witness to respond to the question conferring immunity for the particular response. Although use of this procedure may prove cumbersome and overly mechanical when applied to extended questioning, it has the salutary effect of permitting the court, the prosecutor, and the witness to know whether immunity is being granted and the prosecutor to decide whether the anticipated response to a particular question will be of sufficient assistance to the prosecution’s case to justify requesting immunity for the response (see Matter of O’Neil v Kasler, 53 AD2d 310, 317-320). In fact, this orderly, multistep process was designed by the *188 Legislature to avoid conferring overly broad and unnecessary grants of immunity (id.).
Although nothing in the statute expressly precludes the prosecutor and counsel for the witness with the approval of the court from adopting a different procedure in an individual instance or prevents the court from granting immunity to a witness’ entire testimony subject to specific rulings on collateral questions and other evidentiary objections, the immunity at issue here is of legislative creation which ordinarily should be conferred in accordance with the statutory mandate (see People v Dunbar, 53 NY2d 868; Matter of Doyle, 257 NY 244).
The record in this case makes clear that the court, the prosecutor, the defense attorney and counsel for the witness chose not to use a question-by-question grant of immunity but rather chose to follow a different procedure. Although the prosecutor advised the court that it was not necessary to proceed question by question so long as the questions concerned the transactions in issue, he then agreed to be guided by the court’s direction as to the scope of the answers to questions on collateral matters. He later consented to the court’s statement that it would decide whether petitioner would be allowed to answer questions even if they were collateral and that the prosecutor would have the opportunity to make objections to questions on collateral issues but the court would make the final ruling. The court made it clear that if the questions were allowed immunity would be granted. It is thus evident that the principals here agreed to depart from the statutorily prescribed procedure and chose to chart their own course. In such a case, whether the witness has obtained transactional immunity must be determined by reference to the procedures which were followed.
Turning then to consideration of the transcript in this case, we conclude that full transactional immunity was to be granted the witness for all of his testimony subject to the right of the prosecutor to object to collateral or immaterial inquiries and to obtain a ruling thereon from the court, with the further understanding that if the witness answered before the court had an opportunity to rule on the objection the response would be stricken so that it could not *189 be used against him. The witness, however, was instructed not to answer questions as to which an objection was raised until the court had made its ruling.
Here, the answer given by the witness, Brockway, was unquestionably responsive to the question put to him — as to whom he had earlier sold cocaine — and was not gratuitously volunteered. It has been observed that it is very difficult to deprive a witness of immunity based on a nonresponsive or volunteered answer and that a high burden is placed on the prosecutor to establish nonresponsiveness (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.40, p 244; see People v Perri, 53 NY2d 957, affg on opn at 72 AD2d 106; People v McFarlan, 42 NY2d 896, revg on opn at 89 Misc 2d 905). In this instance a reading of the transcript leaves no room for doubt. The witness’ memory had faltered, and he was having difficulty remembering whether and to whom he had sold cocaine. When asked for a second time whether he knew to whom he had sold cocaine, already having indicated that he did not know, he apologized for his prior answers and corrected himself by saying “I didn’t sell this cocaine. I sold cocaine earlier.” Then came the critical question by defense counsel to which the prosecutor failed to object — “To whom?” The witness responded, “Camille Comfort”, and was then further questioned — “When was that?” — to which he responded, “Around the first of November”. It was only after both questions had been asked and answered that the prosecutor came to life, at a point too late to deny the witness immunity with respect to the responsive answers he had already given.[3] In these circumstances we agree with the majority at the Appellate Division that the witness received transactional immunity with respect to the sale of cocaine to Camille Comfort on or about November 1, 1980.
This case, in which Brockway was granted an immunity apparently unnecessary for the prosecution of the Steuben *190 County trial and presumably unintended by the prosecutor, illustrates the compelling desirability of strict adherence to the procedures prescribed by sections 50.20 and 50.30.
For the reasons stated, the judgment of the Appellate Division should be affirmed, without costs.

. The record does not disclose the relationship, if any, between Camille Comfort and Joseph and Larry Comfort.

. CPL 50.20 provides:
“1. Any witness in a legal proceeding, other than a grand jury proceeding, may refuse to give evidence requested of him on the ground that it may tend to incriminate him and he may not, except as provided in subdivision two, be compelled to give such evidence.
“2. Such a witness may be compelled to give evidence in such a proceeding notwithstanding an assertion of his privilege against self-incrimination if:
“(a) The proceeding is one in which, by express provision of statute, a person conducting or connected therewith is declared a competent authority to confer immunity upon witnesses therein; and
*187 “(b) Such competent authority (i) orders such witness to give the requested evidence notwithstanding his assertion of his privilege against self-incrimination, and (ii) advises him that upon so doing he will receive immunity.
“3. A witness who is ordered to give evidence pursuant to subdivision two and who complies with such order receives immunity. Such witness is not deprived of such immunity because such competent authority did not comply with statutory provisions requiring notice to a specified public servant of intention to confer immunity.
“4. A witness who, without asserting his privilege against self-incrimination, gives evidence in a legal proceeding other than a grand jury proceeding does not receive immunity.
“5. The rules governing the circumstances in which witnesses may be compelled to give evidence and in which they receive immunity therefor in a grand jury proceeding are prescribed in section 190.40.”
CPL 50.30 reads: “In any criminal proceeding, other than a grand jury proceeding, the court is a competent authority to confer immunity in accordance with the provisions of section 50.20, but only when expressly requested by the district attorney to do so.”

. The fact, as asserted by the prosecutor, that the answer — “I’m sorry. I didn’t sell this cocaine. I sold cocaine earlier.” — to a previous question may have been unresponsive is immaterial inasmuch as the claim of immunity is here predicated on the answers to the two subsequent questions.