# THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. FLIHAN, Appellant.

Fourth Department, November 10, 1987

## APPEARANCES OF COUNSEL

*G. Lawrence Dillon,* for appellant.

*Robert Abrams, Attorney-General (Arthur Weinstein* and *Ronald Goldstock* of counsel), for respondent.

### OPINION OF THE COURT

BOOMER, J.

Defendant appeals from a judgment entered upon a plea of guilty convicting him of conspiracy in the second degree. His principal argument is that his plea should have been set aside because he had been granted transactional immunity.

Defendant was arrested for selling 500 grams of cocaine to an undercover police officer. Immediately after his arrest he gave the officer information about the source of the drugs. Based on this information the officer applied by telephone for a warrant to search a certain motel room for cocaine. The Judge to whom the application was made asked to speak to the informant, and defendant was sworn and told the Judge how he knew that cocaine would be found in the motel room. In the course of the telephone conference, the District Attorney told defendant that anything he related to the Judge concerning his purpose in being in the motel room would not be used against him in any court of law. The Judge then told defendant that the District Attorney had indicated that there would be no prosecution against him as the result of testimony concerning his purpose in being in the motel room.

After being charged with criminal possession of a controlled substance in the first degree, a class A felony, defendant entered into a written plea agreement whereby the prosecution, in return for defendant's cooperation in disclosing information about illegal drug traffic, agreed to accept defendant's plea to the class B felony of conspiracy in the second degree in full satisfaction of the charges against him.

After pleading guilty to the charge of conspiracy in the second degree and before sentencing, defendant moved to vacate his plea on the ground that he had been granted transactional immunity by reason of the testimony he had

given in support of the application for the search warrant. The court denied his motion and defendant appeals from the judgment of conviction.

We agree with the sentencing court that defendant was not granted transactional immunity. CPL 50.20 provides a multistep procedure for granting judicial immunity in proceedings other than a Grand Jury proceeding. As stated in *Matter of Brockway v Monroe* (59 NY2d 179, 187), immunity is granted when "the witness invokes his right not to give evidence on the ground that it may incriminate him; the prosecutor requests the court to grant immunity to the witness; the court orders the witness to give the requested evidence notwithstanding his assertion of his privilege against self incrimination and advises him that he will receive immunity on doing so; and the witness complies with the order by giving the requested evidence". Complete immunity from prosecution may be granted only by strict compliance with the procedural requirements of the immunity statutes *(People v Laino,* 10 NY2d 161, 173, *cert denied* 374 US 104).

Here, there was no grant of immunity because the procedures set forth in CPL 50.20 were not followed. Subdivision (4) of CPL 50.20 expressly provides that if a witness gives evidence without asserting his privilege against self-incrimination, he does not receive immunity. Subdivision (2) (b) (i) provides that the Judge must order the witness to give the requested evidence, notwithstanding his assertion of the privilege. Defendant did not assert his privilege against self-incrimination and the Judge did not order him to testify.

Insofar as defendant, in giving his testimony, relied on the promise of the prosecutor not to use this testimony against him in a court of law and on the promise of the court that he would not be prosecuted as a result of the testimony he gave concerning his purpose in being in the motel room, defendant was entitled to an order suppressing such testimony should the prosecutor seek to use it against him. In that sense, defendant was granted use, and not transactional immunity *(see, People v Laino, supra,* at 172).

Defendant's reliance on *Matter of Brockway v Monroe (supra)* for his contention that strict adherence to statutory procedures is not essential to a grant of transactional immunity is misplaced as applied to the facts of this case. In *Brockway* the court, the prosecutor, and the defendant all agreed that it would not be necessary for the defendant to

assert his privilege to each and every question and the Court of Appeals permitted deviation from the statute to that extent. Here, however, not only was there no express agreement to deviate from the statutory procedure, but there was more than the minor deviation in *Brockway;* there was a complete failure to comply with any of the statutory provisions. A holding that transactional immunity may be granted under the circumstances of this case would frustrate the purpose of the Legislature in enacting CPL 50.20, which was to avoid conferring overly broad and unnecessary grants of immunity *(see, Matter of Brockway v Monroe, supra,* at 187-188).

■ Defendant further argues that his sentence of an indeterminate term of 8⅓ to 25 years is harsh and excessive. Considering the amount of illegal drugs involved, defendant's past participation in drug sales, and the enterprise for the distribution of illegal drugs that he planned to establish, I find the sentence appropriate. Accordingly, the judgment of conviction should be affirmed.

DOERR, J. P. (dissenting). I respectfully dissent. Defendant's guilty plea should be vacated and the indictment dismissed on the ground that defendant had been granted transactional immunity in exchange for his sworn testimony in support of an application for a search warrant. I cannot agree with the majority's conclusion that defendant did not receive transactional immunity because the procedures set forth in CPL 50.20 were not followed.

Defendant was arrested after selling a half kilo of cocaine to an undercover police officer. He was taken to a motel room where several investigators and State Police officers informed him of the sentencing possibilities if he were convicted of an A-I felony and asked him for information leading to the arrest of his suppliers before they had time to leave town. One of the investigators telephoned a County Court Judge to make an oral application for a search warrant based on defendant's information. The Judge swore defendant, then proceeded to question him about the drug transactions. Defendant told him that his supplier was staying in a room at the Continental Journey End Motel and that there were drugs in the room. When asked how he had come by this information, defendant answered: "I was in the room." The court asked defendant his purpose for going to this room. Defendant answered: "Um, I don't know if I should, what I should say sir, at this point in time I haven't really spoken to a lawyer yet". At this point,

an Assistant District Attorney got on to the line and assured defendant that "anything that you relate to the Court in regard to your purpose in being there will not be used against you at any time in any Court of Law." Defendant answered:

"OK, Well I'm still gonna go through with the lawyer. I'm gonna cooperate to the fullest extent OK * * *

"I really don't know what my, you know where I stand, you know what I'm saying?"

The court then stated to defendant that the Assistant District Attorney had indicated:

"that he will give you immunity with respect to any prosecutions that could have resulted as a result of—could have been * * *

"there will not be any prosecution against you as a result of your testimony resulting from your purpose in being there or your knowledge of this information."

The court asked the Assistant District Attorney if the above statement was correct, and the Assistant District Attorney indicated that it was. The court said: "Now based upon that assurance Mr. Flihan will you tell us what the purpose of your going to that room at that motel". At that point, defendant admitted that he had gone to the room to purchase cocaine, and gave further information upon the strength of which a search warrant was issued.

The People argue and the majority agrees that, at most, defendant was granted use immunity, and further argue that defendant could not have been granted transactional immunity because the procedures set forth in CPL 50.20 were not followed. I disagree on both counts. First, although the District Attorney's statements to defendant implied a grant of use immunity only, the language used by the court, indicating that defendant would have "immunity with respect to any prosecutions that could have resulted" and that "there will not be *any prosecution* against you as a result of your testimony" (emphasis added) granted full transactional immunity. The District Attorney acknowledged the court's statement as being a correct reflection of his intentions. In my view, these statements are an express grant of full transactional immunity. These were not informal promises by the prosecutor found insufficient by the Court of Appeals to confer immunity *(see, People v Dunbar,* 53 NY2d 868 [prosecutor's statement

that the "book would be closed" following the completion of the investigation insufficient to confer immunity]). In the present case, defendant was told that he had "immunity with respect to any prosecutions that could have resulted".

The People's argument that defendant was not given immunity because the statutory procedures were not complied with strictly should be rejected. This court has determined that "it is plain that the statute's main thrust is to assure that a prosecutor will have advance warning that his questions may provoke incriminating responses, so that he can make a better-advised choice whether the value of the evidence sought from a witness outweighs the State's interest in prosecuting him for such wrongdoing as his testimony may reveal" (see, Matter of O'Neil v Kasler, 53 AD2d 310, 320). The statutory procedures are for the prosecutor's benefit, and if he chooses to cast them aside and grant blanket immunity, the defendant cannot be made to suffer the consequences of such a decision. This is particularly true in this case where defendant was without counsel, distraught from his very recent arrest and, because he had never been arrested before, had no knowledge of the criminal justice system. Defendant, when confronted with a question from the Judge that required an admission to serious criminal conduct, sufficiently asserted his desire not to incriminate himself, albeit in laymen's terms.

The prosecutor could have followed CPL 50.20 and granted immunity only as to the individual answers he required defendant to give. He, instead, chose to offer a blanket grant of immunity to induce defendant to give the needed information and his promise to defendant that no prosecution would result should have been enforced (see, Matter of Chaipis v State Liq. Auth., 44 NY2d 57, 64). By choosing to depart from the statutory procedure, the prosecution has "charted [its] own course" and, therefore, "whether the witness received transactional immunity must be determined by reference to the procedure which the principals chose to follow" (Matter of Brockway v Monroe, 59 NY2d 179, 181). In Brockway, the Court of Appeals clearly stated that the prosecutor must bear the burden for the consequences if he should choose to follow a procedure other than that outlined in CPL 50.20. Applying that principle in this case requires the conclusion that defendant was granted full transactional immunity concerning the

drug sale and, therefore, the judgment of conviction should be reversed and the indictment dismissed.

PINE, LAWTON and DAVIS, JJ., concur with BOOMER, J.; DOERR, J. P., dissents and votes to reverse and dismiss the indictment in a separate opinion.

Judgment affirmed.