■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JOHN D'AMICO, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly determined that the District Attorney did not grant defendant transactional immunity. The promise of immunity made to defendant was conditioned upon defendant's testifying before a Grand Jury, and the court's finding that defendant refused to testify before a Grand Jury is supported by the record. The prosecutor testified that defendant told him that he could not go through with the agreement to cooperate; that he "could not go ahead and testify before the grand jury." Moreover, complete immunity from prosecution may be obtained only by strict compliance with the procedural requirements of the immunity statutes *(People v Laino,* 10 NY2d 161, 163, *appeal dismissed and cert denied* 374 US 104; *People v Flihan,* 131 AD2d 269, 271). Here, defendant did not receive immunity under CPL 50.20, which provides a multistep procedure for granting immunity in proceedings other than a Grand Jury proceeding, because those procedures were not complied with. He did not receive immunity under CPL 190.40 (2), which provides immunity to a witness who "gives evidence" before a Grand Jury, because defendant neither testified nor gave evidence before the Grand Jury. We reject defendant's contention that he "gave evidence" because his confession was submitted to the Grand Jury. "Give evidence" means "to testify or produce physical evidence" (CPL 50.10 [3]). Defendant did neither. (Appeal from judgment of Herkimer County Court, Bergin, J.—murder, second degree, and conspiracy, second degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.