■ BAYER v BAYER. (And Another Action.) [619 NYS2d 568] —Motion granted to the extent of reinstating appellant's appeal and directing perfection of the appeal for the April 1995 Term, as indicated. The cross-motion is denied in all respects. Concur—Murphy, P. J., Ellerin, Rubin and Nardelli, JJ.

(December 13, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN CLARKE, Respondent. [620 NYS2d 29] —Order of the Supreme Court, Bronx County (Fred Eggert, J.), entered on December 20, 1993, which granted defendant's motion to dismiss the indictment, is unanimously reversed, on the law, and the indictment reinstated.

The issue on appeal is whether video-taped statements by the defendants that are played before the Grand Jury must be simultaneously transcribed by the stenographer pursuant to Judiciary Law § 325. We hold that the video tape played for the Grand Jury does not constitute "testimony" within the meaning of section 325; rather, it is an exhibit readily available for review making simultaneous transcription unnecessary to insure accuracy. Our conclusion is further supported by the fact that if the showing of the video tape did constitute "testimony," the "testifying" defendant would be entitled to transactional immunity absent a waiver (see, CPL 190.40 [2]; People v D'Amico, 138 AD2d 943, lv denied 71 NY2d 967). Concur—Murphy, P. J., Sullivan, Rosenberger and Nardelli, JJ.