Morris Aarons, J.
Defendant’s counsel moves for an order dismissing the indictment herein on the grounds that the defendant has been granted immunity for the instant offense by a New York County Grand Jury and for any further relief that to this court may seem just and proper.
On October 28, 1974, defendant Marilyn McFarlan was indicted by the Grand Jury of the County of New York for the criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (the instant indictment). All three counts of the indictment grow out of an alleged sale of a quantity of heroin by the defendant to an undercover police officer on June 4, 1974.
Subsequently, the defendant was subpoenaed by a different New York City Grand Jury to appear and testify in a homicide investigation unrelated to the instant indictment. The Assistant District Attorney presenting the homicide case informed the defendant that his inquiry would be limited to the events of December 4, 1974 through December 6, 1974, and that she would have full immunity from any criminal prosecutions dealing with matters occurring on those dates. Miss McFarlan testified concerning her knowledge of events of December 4 through December 6, 1974. During the course of her testimony, the defendant was asked how she had been supported, if she had never had a job. Defendant answered that she had sold drugs in the past. In continuing the questioning of the defendant in the homicide case, the Assistant District Attorney asked the defendant, "How were you supported during November and December of 1974?” To which the defendant answered, "Well, when I got busted was June the 4th.”
The sole issue before the court is whether the instant indictment must be dismissed because the defendant had been granted transactional immunity when she testified before a *907 Grand Jury empaneled subsequent to the filing of the instant indictment and which was investigating crimes totally unrelated to the offenses alleged in the indictment. The pertinent New York immunity statutes are CPL 50.10 and 190.40. CPL 50.10 (subd 1) provides: "1. 'Immunity.’ A person who has been a witness in a legal proceeding, and who cannot, except as otherwise provided in this subdivision, be convicted of any offense or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he gave evidence therein, possesses 'immunity’ from any such conviction, penalty or forfeiture.”
CPL 190.40 (subd 2) provides: "2. A witness who gives evidence in a grand jury proceeding receives immunity unless:
"(a) He has effectively waived such immunity pursuant to section 190.45; or
"(b) Such evidence is not responsive to any inquiry and is gratuitously given or volunteered by the witness with knowledge that it is not responsive.”
The Commission Staff Comments to CPL 50.10 also indicates that the Legislature intended to reaffirm the traditional New-York concept that when a witness is compelled to yield his privilege against self incrimination, he should be granted transactional immunity, i.e., immunity from prosecution for any transaction concerning which he was compelled to give evidence. (People v Ianniello, 21 NY2d 418; People v Tomasello, 21 NY2d 143; Matter of Gold v Menna, 25 NY2d 475; see, also, Felder v New York State Supreme Ct., 44 AD2d 1.)
Defendant’s position is that since she had been compelled on December 18, 1974, to confess before a Grand Jury that her past means of support, until June 4, 1974, was the sale of drugs, the defendant cannot be convicted of any "sale or possession of drugs” on June 4, 1974; that crime being a "transaction, matter or thing concerning which she gave evidence” before the Grand Jury.
The District Attorney maintains that in enacting the relevant immunity statutes, it could not have been the intention of the Legislature to create a vehicle by which a defendant could receive a pardon for past offenses for which he already stands accused. He further maintains that a defendant against whom an indictment has been filed, certainly cannot be heard to claim immunity from the charge by testifying in a subsequent and totally unrelated inquiry, and making a general, unarticulated reference to past conduct. The Legislature’s *908 choice of the words, "transaction], matter or thing” indicates that the testimony for which a defendant receives immunity must be at least somewhat specific and in reference to a particular event. By making such a vague and general admission of past involvement in narcotics, states the District Attorney, the defendant cannot expect a prior indictment alleging a specific sale to be dismissed on the basis of immunity.
The court finds that in testifying before the New York County Grand Jury in the homicide investigation, the defendant was compelled to testify by being granted transactional immunity; that when asked by the Assistant District Attorney how she had been supported, if she had never had a job, Miss McFarlan was very responsive to the question when she replied, "she sold drugs in the past.” Furthermore, when the Assistant District Attorney continued his questioning along that vein, he asked the defendant, "How were you supported during November and December of 1974?”, the defendant’s answer, "Well, when I got busted was June the 4th”, might not have been responsive but the question remains, was it made in bad faith and if not, is it the kind of answer which would be appropriate from a person of the defendant’s background, education and upbringing and could or should have been anticipated by the Assistant District Attorney knowing that she had been charged with narcotic crimes. The court therefore finds that Miss McFarlan.having been granted immunity was under a direction to answer the above questions; that she did not volunteer the answers to said questions; that her answers were responsive and result in a grant of transactional immunity for those deeds. Were the defendant not to answer the inquiries put to her at the homicide investigation, she would have been in contempt of the Grand Jury and subject to harsh penal sanctions.
The court further finds that the responsive answers, separately and jointly given by Miss McFarlan at the homicide investigation, not only concerned or pertained to or tended to show, prove or incriminate defendant for the sale and possession of drugs on June 4, 1974, these answers, together or separately substantially concerned the transaction for which she was indicted, practically constituted a confession to the commission of the crimes for which she was indicted and as such, she obtains immunity from prosecution for that crime.
The Grand Jury testimony of the defendant at the homicide *909 investigation certainly meets the minimal standard of connection set in Counselman v Hitchcock (142 US 547, 585-586) and reiterated in Matter of Gold v Merma (25 NY2d 475); the crime of selling drugs on June 4, 1974 is certainly included in the class of any and all crimes to which the testimony, "I sold drugs in the past” might relate, and therefore, the indictment for the former must be dismissed.