THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARI-
LYN MCFARLAN, Respondent.

First Department, May 11, 1976

*Peter L. Zimroth* of counsel *(Ronni L. Mann* with him on
the brief; *Robert M. Morgenthau, District Attorney),* for appel-
lant.

*Irving Cohen* of counsel *(Geller & Cohen,* attorneys), for
respondent.

*Per Curiam.* The defendant, Marilyn McFarlan, had been
indicted by a New York County Grand Jury on October 28,
1974 for the crimes of criminal sale and possession of a
controlled substance arising out of an alleged sale of heroin by
McFarlan to an undercover police officer on June 4, 1974.

McFarlan was subpoenaed to appear before a different New
York County Grand Jury investigating two homicides which
took place between December 4 and December 6, 1974, and
were totally unrelated to the June 4 sale of a controlled
substance. The Assistant District Attorney informed McFarlan
that inquiry would be restricted to her knowledge of matters
related to events occurring on December 4, 5, and 6, and also
questions would be posed about her knowledge of, and rela-

tionship with, a Freddy Peebles on those days. She was further told that she would receive complete immunity from any criminal prosecution dealing with matters occurring on the December dates.

Immunity was conferred upon McFarlan and, during the questioning, the following colloquy took place:

"Q What is your occupation?

"A I do not work at all.

"Q Excuse me?

"A I do not work at all.

"Q. How long has it been since you've worked?

"A I never had a job before.

"Q How were you supported?

"A I—well, I sold drugs in the past.

"Q How were you supported *during November and December* of 1974" [Emphasis added.]

"A Well, when I got busted was June the 4th.

"Q Now, I am not talking about June 4th, I asked you how are you supported—how have you been supported during—"

Based on this Grand Jury testimony, the defendant moved to dismiss the indictment against her relating to her alleged criminal sale and possession of a controlled substance on June 4, 1974, on the theory that she had been cloaked with automatic transactional immunity. The court granted the motion. We would reverse.

The New York statutory scheme defines the possessor of immunity as:

"A person who has been a witness in a legal proceeding, and who cannot, except as otherwise provided in this subdivision,[1] be convicted of any offense or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he gave evidence therein". (CPL 50.10.)

However, a grant of immunity does not obtain if the evidence given by the witness "is not responsive to any inquiry and is gratuitously given or volunteered by the witness with knowledge that it is not responsive" (CPL 190.40, subd 2, par [b]).

In the case at bar, the response, "When I got busted was

---

1. (which exceptions are not relevant to the appeal at bar)

June the 4th" is wholly unresponsive to the inquiry as to how she supported herself during November and December. Were we to hold the answer about June 4[2] to be responsive, it would still not aid the defendant.

A grant of immunity is afforded against testimony which is by its nature self-incriminatory (CPL 50.20; *People v De Feo,* 308 NY 595, 602; *Matter of Gold v Menna,* 25 NY2d 475, 481). However, an arrest or indictment is a matter of public record, and testifying to the fact, as in the case at bar, that one has been "busted" cannot therefore be deemed self-incriminatory *(People ex rel. Lewisohn v Court of General Sessions,* 96 App Div 201, 204, affd 179 NY 594).

For either or both of the above reasons, the mere mention of a critical date by the defendant cannot and does not operate as a talisman to grant immunity. Furthermore, the additional statement of the defendant that "I sold drugs in the past" does not operate to confer immunity either, since the relationship between that statement and the "transaction, matter or thing" for which defendant seeks immunity is not a substantial one *(Heike v United States,* 227 US 131, 143; *Grosso v United States,* 390 US 62, 66-67; *People v La Bello,* 24 NY2d 598, 604-605[3]). The admission of illegal activity by the defendant did not specifically relate to the crimes charged and immunity, therefore, did not obtain.

Finally, we note that this defendant cannot be deemed to have answered the question posed naively and in good faith. She consistently conferred with counsel prior to testifying before the Grand Jury, and her responses to questions (e.g., relating to the loan of her car) were carefully parsed, if not deliberately manipulative.

Accordingly, the order of the Supreme Court, New York County, entered November 7, 1975, dismissing the indictment, should be reversed on the law and the indictment reinstated.

MURPHY, J. P., LUPIANO, BIRNS, SILVERMAN and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on No-

---

2. Her Grand Jury statement is factually inaccurate. The indictment was returned in October 1974, and June 4, the date mentioned by the defendant, is the date of the alleged illegal transaction.

3. While *La Bello* was partially overruled, this portion of the decision was not (see *Matter of Gold v Menna,* 25 NY2d 475, 481, n 1).

vember 7, 1975, unanimously reversed, on the law, and the indictment reinstated.