OPINION OF THE COURT
William C. Brennan, J.
Defendant herein was indicted for rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, assault in the second degree and unlawful imprisonment in the first degree, said indictment being filed June 8, 1983.
Inspection of the Grand Jury minutes was granted by the Honorable Justice Balbach who found sufficient legal evidence adduced to sustain the indictment in a decision dated August 29, 1983.
On August 5, 1983, defendant appeared and testified, under waiver of immunity, before a Grand Jury hearing testimony concerning unrelated assault charges. During the prosecutors’ interrogation of defendant regarding the assault they shifted their attention to the underlying facts of the pending unrelated rape indictment. The defendant had not waived immunity or appeared before the Grand Jury that voted said rape indictment.
Defense counsel now seeks dismissal of the instant rape indictment on the grounds that: (1) defendant had transactional immunity as to any statements made pertaining to *32 the alleged rape incident and (2) defendant was denied his right to counsel since this counsel on the rape indictment was not the same counsel appearing on the assault matter and therefore he, too, should have been informed of the Grand Jury proceedings in which defendant testified.
New York’s immunity provisions are set forth in several interrelated sections of the CPL, to wit: CPL 50.10; 50.20; 50.30; 190.40 and 190.45.
The relevant portions for purposes of determining the instant motion are as follows:
“§ 50.10 Compulsion of evidence by offer of immunity; definitions of terms
“The following definitions are applicable to this article:
“1. ‘Immunity.’ A person who has been a witness in a legal proceeding, and who cannot, except as otherwise provided in this subdivision, be convicted of any offense or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he gave evidence therein, possesses ‘immunity’ from any such conviction, penalty or forfeiture. A person who possesses such immunity may nevertheless be convicted of perjury as a result of having given false testimony in such legal proceeding, and may be convicted of or adjudged in contempt as a result of having contumaciously refused to give evidence therein.
“2. ‘Legal proceeding’ means a proceeding in or before any court or grand jury”.
“§ 50.20 Compulsion of evidence by offer of immunity * * *
“5. The rules governing the circumstances in which witnesses may be compelled to give evidence and in which they receive immunity therefor in a grand jury proceeding are prescribed in section 190.40.”
“§ 190.40 Grand Jury; witnesses, compulsion of evidence and immunity
“1. Every witness in a grand jury proceeding must give any evidence legally requested of him regardless of any protest or belief on his part that it may tend to incriminate him.
*33 “2. A witness who gives evidence in a grand jury proceeding receives immunity unless:
“(a) He has effectively waived such immunity pursuant to section 190.45” (emphasis added).
“§ 190.45 Grand Jury; waiver of immunity
“1. A waiver of immunity is a written instrument subscribed by a person who is or is about to become a witness in a grand jury proceeding, stipulating that he waives his privilege against self-incrimination and any possible or prospective immunity to which he would otherwise become entitled, pursuant to section 190.40, as a result of giving evidence in such proceeding * * *
“4. If a grand jury witness subscribes and swears to a waiver of immunity upon a written agreement with the district attorney that the interrogation will be limited to certain specified subjects, matters or areas of conduct, and if after the commencement of his testimony he is interrogated and testifies concerning another subject, matter or area of conduct not included in such written agreement, he receives immunity with respect to any further testimony which he may give concerning such other subject, matter or area of conduct and the waiver of immunity is to that extent ineffective.” (Emphasis added.)
Thus, upon review of the above provisions, it becomes apparent that any witness who appears before the Grand Jury has automatic transactional immunity conferred upon him or her unless a written waiver of immunity has been properly executed and sworn to. Any limitations to the waiver must be expressly included in a written agreement with the District Attorney as provided in CPL 190.45 (subd 4).
The issue presently before this court is one of first impression, pertaining to the extent of defendant’s waiver of immunity on an unrelated matter and its retroactive effect upon the instant indictment.
In its recent decision in People v Sobotker (61 NY2d 44, 48) the Court of Appeals held that “[a] defendant can have no legitimate expectation of obtaining complete immunity from prosecution or punishment once he has pleaded guilty to the crime.” (Defendant sought immunity for a transaction to which he pleaded guilty and thereafter testified to *34 in the Grand Jury prior to sentence.) Unfortunately, that determination, which evolved from “a very narrow issue resulting from a peculiar set of facts” does not provide any guidance to the applicability of the immunity statutes to the circumstances before this court. Unlike the defendant in Sobotker (supra), who appeared before the Grand Jury under subpoena and did not sign a waiver of immunity, defendant herein appeared under his own volition, executed a waiver of immunity and has repeatedly maintained his innocence as to both the assault and rape charges.
The only case dealing with a fact pattern similar to this one is People v McFarlan (89 Misc 2d 905, revd 52 AD2d 112, revd 42 NY2d 896). In McFarlan (supra), the defendant, appearing before a Grand Jury under subpoena in December, 1974, was granted immunity for her testimony pertaining to several homicides under investigation. During the course of her questioning, and after she was asked her occupation and answered she did not work, she was asked how she was supported, answered that she “sold drugs in the past”, and was then asked how she was supported during November and December, 1974, and answered, “ ‘Well, when I got busted was June the 4th’ ” (42 NY2d, at p 896). Prior to this proceeding, on October 28, 1974, defendant McFarlan was indicted for criminal sale and criminal possession of a controlled substance, arising out of an alleged sale by her of a quantity of heroin to an undercover police officer on June 4, 1974. Defendant’s motion to dismiss her pending indictment for criminal sale and criminal possession of a controlled substance was granted by the Trial Term. It was determined that having been granted immunity she was under a direction to answer the questions posed to her and that her answers were responsive and thus resulted in a grant of transactional immunity for those deeds. The Court of Appeals upheld the Trial Term’s decision.
In contrast to McFarlan (supra), and as noted above, this defendant was not before the Grand Jury under subpoena but appeared voluntarily, with his attorney, and properly executed a waiver of immunity. No immunity was specifically granted by the District Attorney. The bottom line issue, therefore, is to what extent did the defendant waive *35 his immunity and was said waiver limited to assault charges under consideration or did it relate back to the pending rape indictment as well?
The court has examined the waiver document and the minutes of the execution thereof, and finds that no transactional immunity was granted as pertaining to this indictment nor were there any limitations to the waiver executed as provided for in CPL 190.45 (subd 4).
The waiver document tracking the language of CPL 190.45 (subd 1) states: “I, the undersigned Louis Coppola residing at 23-17 120th St. College Point, N.Y. and being or about to become a witness in the Grand Jury proceeding above entitled, hereby stipulate that I waive my privilege against self-incrimination and any possible or prospective immunity to which I would otherwise be entitled as a result of giving evidence in said Grand Jury proceeding.
Date 8-4-83 SIGNED Louis Coppola ”,
(Emphasis added.)
The key words are “any possible * * * immunity”, which, given their normal meaning, would include any testimony provided by the defendant and not limited to the assault charges under consideration. (People v Lieberman, 94 Misc 2d 737.)
It would appear that defendant’s waiver was all-encompassing and not “limited to certain specified subject, matters or areas of conduct” and properly executed in the presence of his attorney. There is no contention that any written agreement limiting defendant’s interrogation was entered into. Nor does the court find that defendant was denied the effective assistance of counsel.
Finally, the court notes that in each of the cases cited by defense counsel in his memorandum of law, the defendants had not signed waivers of immunity but were compelled to testify, which obviously puts those players into a different ball park.
Although the court finds that dismissal of the instant indictment cannot be granted, the People are, however, *36 admonished to limit their questioning in future Grand Jury proceedings to the issues under consideration and not to use the opportunity as a fishing expedition for matters previously voted on by another Grand Jury where the defendant had not waived his immunity and testified.
As noted in People v Kelly (Supreme Ct, Queens County, Jan. 30, 1984, indictment No. 2667/83, Brennan, J. [decided herewith]), “the People’s attempts to obtain testimony as to pending unrelated matters at a subsequent Grand Jury proceeding by questioning a defendant/witness on the former matters, where said defendant never waived his immunity and testified before the Grand Jury that voted the prior indictment, is a practice that will not be tolerated. See People v. Porter, 47 AD2d 908 (Second Dept. 1975)”.
Accordingly, defendant’s motion to dismiss the indictment is denied.