■ EDMOND MEACHUM et al., Plaintiffs, v OUTDOOR WORLD CORPORATION et al., Defendants. (Action No. 1.) ALBERTA COLBERT et al., Respondents, v RANK AMERICA, INC., et al., Appellants, et al., Defendants. (Action No. 2.) [709 NYS2d 117] —In related actions, *inter alia,* for a judgment declaring that certain membership campground contracts are unenforceable as contrary to public policy pursuant to General Business Law § 659, the defendants in Action No. 2 Rank America, Inc., Resorts USA, Inc., Outdoor World Corporation, and Elizabeth Buchalski appeal (1), as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), entered October 28, 1998, as granted that branch of their motion pursuant to CPLR 3211 which was to dismiss the third cause of action in Action No. 2, and (2) from so much of an order of the same court (Polizzi, J.), entered June 16, 1999, as denied that branch of their motion pursuant to CPLR 3211 which was to dismiss the third cause of action in the amended complaint in Action No. 2 to the extent that it is based on their alleged failure to make certain disclosures as required under General Business Law § 653 (2) (b).

Ordered that the appeal from the order entered October 28, 1998, is dismissed, as the defendants are not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order entered June 16, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The named plaintiffs in Action No. 2, Alberta and Jan Colbert, brought this action alleging, *inter alia,* violations of the Membership Campground Act (General Business Law § 650 *et seq.*).

The appellants are not aggrieved by the portion of the order entered October 28, 1998, which dismissed the cause of action predicated upon the Membership Campground Act with leave to replead. The appellants do not appeal from so much of the order as granted the plaintiffs leave to replead; instead, they

purport to appeal only from "certain statements" the court made in expounding the basis for its determination. Accordingly, the appeal from that order must be dismissed (*see, Booska v Booska,* 246 AD2d 567; *Clark v Weiner,* 254 AD2d 322; *see also, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 545).

The Supreme Court erred in interpreting General Business Law § 653 (2) (b) as requiring that a membership campground operator must disclose all consent decrees in the disclosure document presented to prospective purchasers. That provision requires only that an operator disclose to prospective purchasers those consent decrees which specifically direct that their existence be disclosed. This Court makes no determination as to whether any particular consent decree was required to be disclosed. We do, however, note that even if none of the consent decrees was required to be disclosed under the Membership Campground Act, the other alleged violations of that Act, if proved, would entitle the class to void the contracts, which is the remedy provided by General Business Law § 659 (*see, Meachum v Outdoor World Corp.,* 273 AD2d 209 [decided herewith]). Santucci, J. P., Friedmann, McGinity and Smith, JJ., concur.