■ In the Matter of CHARLES COLLINS, Petitioner, v DAN LAMONT, as Acting Supreme Court Justice for the County of Albany, et al., Respondents. [708 NYS2d 202] —Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from prosecuting petitioner on a certain indictment on the ground that petitioner had been granted transactional immunity.

At approximately 5:45 A.M. on January 26, 1998, petitioner

sprayed the contents of a 55-gallon drum of chicken manure on the Court of Appeals building in the City of Albany. Criminal complaints were filed against him and, at a preliminary hearing held later that day in City Court, he was informed of the charges and advised of his right to counsel. Petitioner affirmatively stated that he would represent himself. City Court was aware of his extensive experience in doing so and subsequently released him on bail.

Once informed that respondent District Attorney (hereinafter respondent) planned to present the matter to a Grand Jury, petitioner requested an opportunity to testify before the Grand Jury for the purpose of making a public statement concerning his earlier actions. On April 28, 1999, petitioner appeared before the Grand Jury without an attorney. After petitioner was sworn in, he advised respondent that he was a part-time paralegal and that he desired to proceed *pro se*. Respondent inquired as to petitioner's awareness of his right to counsel, advised petitioner of the consequences of waiving immunity and asked petitioner to sign a written waiver of immunity. Petitioner did so. After hearing petitioner and the evidence submitted by respondent, the Grand Jury indicted petitioner for criminal mischief in the second degree.

When petitioner was subsequently arraigned in County Court, he moved *pro se*, and later through counsel, to dismiss the indictment on grounds that he had been deprived of his right to counsel and that immunity resulted from his Grand Jury appearance because his waiver was ineffective. County Court reviewed the Grand Jury transcript and confirmed petitioner's waiver of immunity before the Grand Jury, as well as City Court's determination that petitioner had knowingly, intelligently and voluntarily waived his right to counsel in electing to proceed *pro se*. By a decision and order dated May 19, 1999, County Court denied the motion and subsequently scheduled the matter for trial on December 13, 1999. On December 7, 1999, petitioner commenced this proceeding before us for a writ of prohibition. He also sought a stay, which was denied. A jury trial of the criminal charge against petitioner was held from December 14 through 23, 1999 and resulted in a verdict of guilty. County Court sentenced petitioner to an indeterminate term of imprisonment of $1\frac{1}{3}$ to 4 years and ordered payment of restitution.

Petitioner contends, as he did in his County Court motion, that respondents should be prohibited from prosecuting him on the indictment because he was effectively granted transactional immunity by testifying before the Grand Jury. However, a writ

of prohibition is an extraordinary remedy which "does not lie as a means of seeking a collateral review of an error of law, no matter how egregious that error might be, in a pending criminal proceeding, but only where the very jurisdiction and power of the court are in issue" (*Matter of Steingut v Gold*, 42 NY2d 311, 315; *see, Matter of Holtzman v Goldman*, 71 NY2d 564, 569; *La Rocca v Lane*, 37 NY2d 575, 579, *cert denied* 424 US 968; *Matter of Pryor v Greenberg*, 247 AD2d 711, 712).

In any event, County Court has ruled on the merit of the proposed grounds for prohibition here, and petitioner has been tried and convicted. It is impossible to now prohibit the completed prosecution of the underlying criminal charge. Nor will this Court review County Court's determination in the context of this proceeding, because a direct appeal from its rulings is readily available and would provide an adequate remedy (*see, Matter of Dondi v Jones*, 40 NY2d 8, 14-15; *cf., Matter of Brockway v Monroe*, 89 AD2d 771, *affd* 59 NY2d 179; *see also, Matter of Law Offs. of Andrew F. Capoccia v Spitzer*, 270 AD2d 643, 645).

Crew III, J. P., Graffeo, Mugglin and Lahtinen, JJ., concur. Adjudged that the petition is dismissed, without costs.