■ In the Matter of ROTRAUT L.U. BEINY, as Trustee of the Trust Created by ELISABETH N.F. WEINBERG, as Grantor. MARTIN WYNYARD et al., Respondents, v ROTRAUT L.U. BEINY et al., Respondents, and MICHELE BEINY HARKINS et al., Appellants. THE ANTIQUE COMPANY OF NEW YORK, INC., Intervening Petitioner. [792 NYS2d 24]—

Decree, Surrogates' Court, Bronx County (Lee L. Holzman, S.), entered November 20, 2003, which in these consolidated accounting and declaratory judgment proceedings, inter alia, confirmed a referee's report in part, surcharged respondent Rotraut L.U. Beiny (Ms. Beiny) for her failure as trustee to recover misappropriated inventory of intervening petitioner Antique Company of New York (ACNY), and directed that in the event Ms. Beiny does not personally satisfy the surcharges, ACNY's temporary receiver is to sell ACNY inventory to satisfy the surcharges for the benefit of the the Wynyard Trust, unanimously modified, on the law, to the extent of vacating the direction that the ACNY inventory be sold to satisfy the surcharges, and otherwise affirmed, without costs. Appeals from related orders, same court and Surrogate, entered on or about July 17, 2003 and on or about October 24, 2003, unanimously dismissed, without costs, as superseded by the appeal from the ensuing decree.

The narrow issue of whether two paragraphs from a letter by Ms. Beiny to her father should have been excluded from evidence as subject to the attorney-client privilege was not previously determined and was appropriately raised by petitioners before the referee. In any event, the prior evidentiary ruling that the letter as a whole was privileged from disclosure was not immune from reconsideration (*see People v Evans*, 94 NY2d 499, 504-505 [2000]). Accordingly, the proffer and admission of the disputed evidence, which was not in fact privileged, provides no basis for dismissal of the proceeding or disqualification of petitioner's counsel. We note that appellants do not quarrel with the Surrogate's observation that there was ample evidence, apart from the letter, to support the surcharges imposed. Indeed, that evidence clearly demonstrated that Ms. Beiny, over a period of some eight years, repeatedly breached her fiduciary duties as a trustee of the Wynyard Trust by, inter alia,

countenancing the misappropriation of ACNY assets in which the Wynyard Trust held a 45% interest. However, while the surcharges against Ms. Beiny were entirely justified, the Surrogate's provision for satisfaction of the surcharges with undistributed ACNY assets in which the Beiny Trust holds a 55% interest was not. Those assets fall within the "trust exemption" set forth in CPLR 5205, and accordingly may not be reached to satisfy a money judgment against Ms. Beiny based on the decreed surcharges. While the Surrogate was understandably concerned that Ms. Beiny would not satisfy the surcharges, this concern was not properly addressed by effectively causing the forfeiture of appellants' interests as Beiny Trust beneficiaries. Of the Beiny Trust beneficiaries, only Ms. Beiny has been deemed a malefactor, and equity is not served by a remedy that would essentially require innocent trust beneficiaries to answer in damages for her derelictions. Concur—Mazzarelli, J.P., Friedman, Williams, Gonzalez and Catterson, JJ.