■ TRACY L. SABENO, Respondent, v MITSUBISHI MOTORS CREDIT OF AMERICA, INC., Appellant. [799 NYS2d 527]—

In an action, inter alia, to recover damages for conversion, violation of General Business Law § 349, and libel, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered November 5, 2003, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action to recover damages for conversion and violation of General Business Law § 349, and, upon granting that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the 11th cause of action to recover damages for libel, granted the plaintiff leave to replead that cause of action.

Ordered that the appeal from so much of the order as, upon

granting that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the 11th cause of action to recover damages for libel, granted the plaintiff leave to replead that cause of action, is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action to recover damages for conversion and violation of General Business Law § 349 are granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff purchased a used car from Airport Motors Inc., doing business as Koeppel Mitsubishi (hereinafter Koeppel) for a price of $20,679.60. She paid $1,500 of her own money and financed the rest by executing an installment contract (hereinafter the contract) between Koeppel and herself. Koeppel assigned the contract to the defendant.

The car was defective and Koeppel was unable to repair it during the 60 days following the purchase. The plaintiff sued Koeppel in the Civil Court of the City of New York, Queens County (hereinafter the Civil Court). She alleged claims under New York's Lemon Law (see General Business Law § 198-b) and the Magnuson-Moss Warranty Act (see 15 USC § 2301 et seq.). After trial the Civil Court, by order dated October 25, 2002, awarded her the full purchase price of $20,679.60 with associated costs, interest on the loan, and prejudgment interest, directed the plaintiff to transfer title and deliver possession of the vehicle to Koeppel, and directed the clerk to enter judgment but stayed execution pending completion of delivery of the vehicle to Koeppel. Koeppel allegedly refused to accept return of the car and refused to pay the amount the Civil Court awarded to the plaintiff.

The contract provided that any holder of the contract, such as the defendant, would be subject to all claims and defenses which the plaintiff, as debtor, could assert against Koeppel, limited, however, to "amounts paid by the debtor hereunder." The contract, however, also provided that the defendant, as creditor, could repossess the vehicle if the plaintiff failed to make any payment pursuant to the payment schedule set forth therein. On November 12, 2002, the plaintiff, after having paid the defendant monthly installments of $319.66 between August 2000 and September 2002 totaling over $8,000, notified the defendant that she was withholding further payments under the Contract to deduct her damages pursuant to Uniform Commercial Code § 2-717. The defendant repossessed the car and notified the plaintiff of its repossession on April 28, 2003. The

defendant also reported its adverse credit experience with the plaintiff to major credit reporting agencies.

The plaintiff commenced this action, inter alia, to recover damages for conversion of the vehicle by way of repossession, for violation of General Business Law § 349 by engaging in a deceptive course of conduct in furnishing derogatory credit information about her in a pattern to intimidate her, as a consumer, to the defendant's financial benefit, and for libel by reporting that she was delinquent in her payments. The defendant moved, among other things, to dismiss the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court denied those branches of the motion which were to dismiss the second cause of action to recover damages for conversion and the third cause of action to recover damages for violation of General Business Law § 349 and, upon granting the motion to dismiss the 11th cause of action to recover damages for libel, granted the plaintiff leave to replead that cause of action.

The defendant is not aggrieved by the portion of the order appealed from which, upon granting that branch of its motion which was to dismiss the 11th cause of action, granted the plaintiff leave to replead that cause of action (see CPLR 5511; cf. Matter of Roman Catholic Diocese of Rockville Ctr. v Board of Assessors of Inc. Vil. of Old Westbury, 303 AD2d 515 [2003]; Matter of Carvel, 303 AD2d 405 [2003]; Bird v Bird, 111 AD2d 204 [1985]; but see Meachum v Outdoor World Corp., 273 AD2d 208 [2000]).

As to those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action, the plaintiff's reliance on Uniform Commercial Code § 2-717, in opposition, is without merit. Thus, we reverse the order insofar as reviewed and grant those branches of the defendant's motion.

Uniform Commercial Code § 2-717 provides: "The buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract." If such a right of set off was available to the plaintiff against Koeppel, it would also be available under the terms of the contract against the defendant, Koeppel's assignee. However, once the plaintiff recovered a judgment for her damages against Koeppel in the Civil Court, she no longer had the right to deduct them a second time against Koeppel nor derivatively against the defendant (see Twin City Fed. Sav. & Loan Assn. v Transamerica Ins. Co., 491 F2d 1122 [8th Cir 1974]; 18 Am Jur, Election of Remedies § 3, n 9 at 130). Thus, her letter to the defendant

dated November 12, 2002, invoking Uniform Commercial Code § 2-717 as the basis for withholding installment payments due under the contract, was misguided. Her remedy lay in enforcing the judgment of the Civil Court requiring Koeppel to take back the car. The plaintiff's reliance on pleading in the alternative (*see* CPLR 3014), the remedies of revocation of acceptance (*see* Uniform Commercial Code § 2-608) and offset for damages (*see* Uniform Commercial Code § 2-717), was also misplaced. The plaintiff already recovered a judgment against Koeppel and elected her remedy (*see General Motors Acceptance Corp. v Anaya*, 103 NM 72, 703 P2d 169, 171 [1985]).

Since the plaintiff had no right to offset her installment payments, the defendant correctly enforced its rights by repossessing the vehicle and reporting the plaintiff's adverse credit history. By exercising its contractual remedies, the defendant engaged in lawful and nondeceptive behavior that did not violate General Business Law § 349. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.