■ In the Matter of MARTIN WYNYARD et al., Appellants, v ROTRAUT L.U. BEINY et al., Respondents. THE ANTIQUE COMPANY OF NEW YORK, INC., Intervening Petitioner. (And a Third-Party Action.) [919 NYS2d 165]—

Petitioners' cause of action for a judgment declaring "ACNY the owner of the 'Z' goods held by the Liechtenstein Trusts" is barred by the doctrine of the election of remedies (*see American Woolen Co. of N.Y. v Samuelsohn*, 226 NY 61 [1919]). Petitioners have already been awarded a money judgment equivalent to 45% of the value of the "Z" goods as against respondent Rotraut Beiny, who is the sole beneficiary of the Liechtenstein Trusts (*see Matter of Beiny*, 16 AD3d 221 [2005]). They now seek a judgment declaring against the same wrongdoer (Rotraut Beiny) based on the same wrongdoing (conversion of the "Z" goods) (*see Sabeno v Mitsubishi Motors Credit of Am., Inc.*, 20 AD3d 466 [2005]).

To the extent petitioners contend that the election of remedies does not apply because ACNY was never compensated, the contention is without merit. At the time of the aforementioned conversion, petitioners owned 45% of ACNY and respondents owned 55%. Accordingly, petitioners were compensated by the award of a money judgment equivalent to 45% of the value of the "Z" goods. Petitioners' present contention that ACNY should be declared to own 100% of the "Z" goods not only is inconsistent with the factual basis for the monetary award, but also would result in both a double payment by Rotraut Beiny and a double award to petitioners, who, pursuant to the parties' settlement agreement, now own 100% of ACNY.

We have considered petitioners' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.