# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1195**

**OP 13-01937**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF TONAWANDA SENECA NATION,
PETITIONER,

V                                          MEMORANDUM AND ORDER

HON. ROBERT C. NOONAN, A COUNTY COURT JUDGE,
TEMPORARILY ASSIGNED TO SURROGATE'S COURT,
COUNTY OF GENESEE, COREEN N. THOMPSON, AS
BENEFICIARY AND ADMINISTRATRIX OF THE ESTATE
OF DAVID C. PETERS, DECEASED, AND JOAN F. PETERS
AND THOMAS W. PETERS, AS BENEFICIARIES OF THE
ESTATE OF DAVID C. PETERS, DECEASED, RESPONDENTS.

---

MURPHY MEYERS LLP, ORCHARD PARK (MARGARET A. MURPHY OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF
COUNSEL), FOR RESPONDENT HON. ROBERT C. NOONAN, A COUNTY COURT JUDGE,
TEMPORARILY ASSIGNED TO SURROGATE'S COURT, COUNTY OF GENESEE.

LAW OFFICES OF JOHN P. BARTOLOMEI & ASSOCIATES, NIAGARA FALLS (JOHN P.
BARTOLOMEI OF COUNSEL), FOR RESPONDENT COREEN N. THOMPSON, AS
BENEFICIARY AND ADMINISTRATRIX OF THE ESTATE OF DAVID C. PETERS,
DECEASED.

COLUCCI & GALLAHER P.C., BUFFALO (PAUL G. JOYCE OF COUNSEL), FOR
RESPONDENT JOAN F. PETERS, AS BENEFICIARY OF THE ESTATE OF DAVID C.
PETERS, DECEASED.

---

Proceeding pursuant to CPLR article 78 (initiated in the
Appellate Division of the Supreme Court in the Fourth Judicial
Department pursuant to CPLR 506 [b] [1]) to prohibit respondent Hon.
Robert C. Noonan, S., from exercising jurisdiction over any real
property situated within the territory of the Tonawanda Seneca Nation,
and for other relief.

It is hereby ORDERED that said amended petition is unanimously
dismissed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
in this Court purportedly pursuant to CPLR 506 (b) (1) seeking, inter
alia, to prohibit respondent Hon. Robert C. Noonan (respondent) from
exercising jurisdiction over any real property situated within the
territory of the Tonawanda Seneca Nation. We conclude that the

proceeding was improperly commenced in this Court and that, therefore, the amended petition must be dismissed.  It is well settled that "[a] CPLR article 78 proceeding against a Judge of the Surrogate's Court should be commenced in Supreme Court and is not properly commenced in this Court" (*Matter of Pavlovic v Czajka*, 27 AD3d 983, 983; *see* CPLR 506 [b] [1]; *Matter of Juracka v Severson*, 115 AD2d 102, 102, *lv denied* 67 NY2d 603; *see generally Matter of Nolan v Lungen*, 61 NY2d 788, 790).  CPLR 506 (b) (1) "has been narrowly construed [as] depriving appellate jurisdiction to all such [CPLR article 78] proceedings [commenced in the Appellate Division] unless one of the specifically delineated Judges is a named respondent" (*Matter of Berkman v Family Ct. of Nassau County*, 146 Misc 2d 733, 735; *see generally* CPLR 7804 [b]; *Nolan*, 61 NY2d at 790).  To the extent that CPLR 506 (b) concerns subject matter jurisdiction, its provisions cannot be waived (*see Nolan*, 61 NY2d at 790).

Contrary to petitioner's contention, respondent is the duly elected Surrogate for Genesee County, a position not specifically delineated in CPLR 506 (b) (1) and, therefore, a proceeding against him must be commenced in Supreme Court.  Even if we assume, arguendo, that respondent was elected as a County Court Judge and was thereafter assigned to "be and serve as" a Surrogate (Judiciary Law § 184 [2]), petitioner is seeking to prohibit respondent from acting in the role of Surrogate.  We thus conclude that jurisdiction remains in Supreme Court (*cf. Matter of County of Onondaga v Brunetti*, 108 AD3d 1138, 1139; *Matter of Vargason v Brunetti*, 241 AD2d 941, 941; *see also Matter of Collins v Lamont*, 273 AD2d 528, 528-529).

Relying on *Matter of B.T. Prods. v Barr* (44 NY2d 226), petitioner contends that jurisdiction is properly with this Court.  We reject that contention.  In *B.T. Prods.*, the petitioner challenged the actions of a County Court Judge in issuing a search warrant while the Judge was acting as a local criminal court.  Pursuant to CPL 10.10 (3) (g), a "[l]ocal criminal court" is defined as "[a] county judge sitting as a local criminal court."  As a result, the Judge's power to act as a local criminal court was "a part of his authority as a County Court Judge" (*B.T. Prods.*, 44 NY2d at 234).  Therefore, the proceeding in that case was properly commenced in the Appellate Division (*see* CPLR 506 [b] [1]; 7804 [b]).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court