# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**917**

**CA 14-01287**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

IN THE MATTER OF THE ESTATE OF DAVID C. PETERS,
DECEASED.
------------------------------------------------
COREEN N. THOMPSON, ADMINISTRATRIX CTA,
PETITIONER-RESPONDENT;

                                        MEMORANDUM AND ORDER

JOAN PETERS, OBJECTANT-APPELLANT.
(APPEAL NO. 3.)

---

COLUCCI & GALLAHER, P.C., BUFFALO (MOLLY M. KRAUZA OF COUNSEL), FOR
OBJECTANT-APPELLANT.

LAW OFFICES OF JOHN P. BARTOLOMEI & ASSOCIATES, NIAGARA FALLS, D.J. &
J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a decree of the Surrogate's Court, Genesee County
(Robert C. Noonan, S.), entered June 4, 2014.  The decree determined
that the business of Arrowhawk Smoke and Gas Shop, its related
businesses and the tangible and intangible assets of the businesses
are assets of the estate of David C. Peters.

It is hereby ORDERED that the decree so appealed from is
unanimously reversed on the law without costs, and the matter is
remitted to Surrogate's Court, Genesee County, for further proceedings
on the petition.

Memorandum:  In his last will and testament (will), David C.
Peters (decedent), who was a citizen of the Tonawanda Seneca Nation
(Nation), attempted to devise real property located within the
Tonawanda Seneca Nation Territory or Reservation (Territory) to
petitioner, and to bequeath a business known as Arrowhawk Smoke and
Gas Shop and all of its assets (hereafter, businesses), to petitioner
and Thomas Peters.  Objectant, however, claimed ownership of the real
property and the businesses.  Petitioner is decedent's daughter,
objectant is decedent's mother, and Thomas Peters is decedent's
brother.  The will also contained an in terrorem clause, directing
that if anyone named in the will acted in any manner to oppose the
probate of the will or "to impair, invalidate or set aside the [will]
or any of its provisions," any provisions for the benefit of that
person would be revoked and that person would cease to have any
"right, title, or interest in or to any portion of [decedent's]
estate."  Following decedent's death, multiple petitions and/or
complaints related to the probate of decedent's will were filed in

Surrogate's Court, federal court, and this Court (*see e.g. Matter of Peters*, 124 AD3d 1266; *Matter of Tonawanda Seneca Nation v Noonan*, 122 AD3d 1334, *lv granted* 25 NY3d 903; *Peters v Noonan*, 871 F Supp 2d 218).  The focus of many of the court proceedings was the issue whether the Surrogate could exercise jurisdiction over property and businesses located in the Territory and objectant's claims that she owned the real property and businesses.

Insofar as relevant to this appeal, petitioner, who was appointed administratrix, C.T.A., after the coexecutors were removed, filed a petition (Petition I) seeking forfeiture and disgorgement of any bequests to objectant based on objectant's alleged violation of the in terrorem clause.  Petitioner also filed a petition (Petition L) seeking a declaration of estate assets and, in particular, seeking a declaration that the businesses discussed in the will were assets of decedent's estate.  Objectant objected to Petition I and filed a motion seeking to dismiss Petition L and to intervene in that proceeding.

In appeal No. 1, objectant appeals from an order in which Surrogate's Court granted Petitions I and L, thereby determining that the businesses were assets of the estate and that objectant had violated the in terrorem clause of the will by claiming ownership of the businesses.  Appeal Nos. 2 and 3 are appeals from the Surrogate's ensuing decrees related to that order.

As a preliminary matter, we note that the appeal from the order in appeal No. 1 "must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree[s] in the proceeding" (*Matter of Winters*, 84 AD3d 1388, 1388; *see Matter of Beiny*, 16 AD3d 221, 222, *lv denied* 5 NY3d 710).

With respect to appeal Nos. 2 and 3, we agree with objectant that the Surrogate erred in summarily granting the petitions.  All Surrogate's Court proceedings are special proceedings (*see* SCPA 203) and, in special proceedings, the court or Surrogate "shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised.  The court [or Surrogate] may make any orders permitted on a motion for summary judgment" (CPLR 409 [b]; *see* SCPA 102).  Thus, if no triable issues of fact are raised, the Surrogate "must make a summary determination on the pleadings and papers submitted as if a motion for summary judgment were before it" (*Matter of Korotun v Laurel Place Homeowner's Assn.*, 6 AD3d 710, 712; *see Matter of Bahar v Schwartzreich*, 204 AD2d 441, 443).  Even assuming, arguendo, that petitioner met her initial burden of proof with respect to both petitions, we conclude that objectant raised triable issues of fact whether the businesses were assets of the estate and whether, by claiming ownership of the businesses, objectant violated the in terrorem clause.

Petitioner submitted documentary evidence establishing that decedent was the owner, sole incorporator, and/or sole proprietor of the businesses.  In support of her answer to the petitions, objectant submitted her deposition testimony.  In that deposition, objectant

stated that she did not contribute to development of the buildings in which the businesses were located, and that her claims to own the businesses were based solely on the fact that they were situated "on [her] land." Objectant also admitted that decedent had owned the "doing business as" name as well as the corporation associated with those businesses and that decedent never paid her any money from the businesses. Despite those statements, objectant also testified that she "[a]lways owned" the businesses and that she "never signed any papers over to [decedent] as ownership of it." Also in opposition to the petitions and in support of her answer to the petitions, objectant submitted affidavits in which she averred that she was the owner of the businesses and that she had funded the businesses by liquidating her private pensions. While there were times in her deposition testimony that objectant wavered on why or how she owned the businesses, we conclude that "[a]ny inconsistences between the deposition testimony of [objectant] and [her] affidavits submitted in opposition to the [petitions] present[ed] credibility issues for trial" (*Knepka v Tallman*, 278 AD2d 811, 811; *see Godlewski v Carthage Cent. Sch. Dist.*, 83 AD3d 1571, 1572; *see generally Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441). In addition, objectant submitted an affidavit of petitioner's attorney from a 2001 proceeding in which petitioner's attorney averred that objectant and decedent built the businesses "at their own great expense." With respect to the in terrorem clause, we note that, "while in terrorem clauses are enforceable, they are 'not favored and [must be] strictly construed' " (*Matter of Singer*, 13 NY3d 447, 451, *rearg denied* 14 NY3d 795). Here, the in terrorem clause applied to anyone who challenged the probate of the will or who sought to impair, invalidate or set aside the will or any of its provisions. In discussing the distribution of the businesses in his will, decedent wrote, "If at the time of my demise, I own and operate [the businesses] . . . , such business[es] and assets shall pass to my heirs as set forth in this Article." Inasmuch as there are issues of fact whether decedent owned the businesses at the time of his death, we conclude that there are issues of fact whether objectant's claims of ownership constitute an attempt "to impair, invalidate or set aside" a provision of the will (*see Matter of Robbins*, 144 Misc 2d 510, 512-513).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court